FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 06, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERESA H., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br>ACTING COMMISSIONER OF <br>SOCIAL SECURITY,[1] <br><br> Defendant. | No. 2:20-CV-00225-JTR <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 19, 21. Attorney Chad Hatfield represents Teresa H. (Plaintiff); Special Assistant United States Attorney Diana Andsager represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on August 25, 2017 alleging disability since July 12, 2017, due to anxiety, social anxiety, panic attacks, fibromyalgia, insomnia, arthritis, headaches, paranoia, thyroid issues, and osteoporosis. Tr. 78-79. The application was denied initially and upon reconsideration. Tr. 114-16, 118-20. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on February 26, 2019, Tr. 37-77, and issued an unfavorable decision on March 22, 2019, Tr. 15-28. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on April 19, 2020. Tr. 1-5. The ALJ's March 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 17, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1965 and was 51 years old as of her alleged onset date. Tr. 26. She has some college education and received a certificate in dental assisting. Tr. 444. She has worked in the medical field, including being a unit coordinator in an emergency room for 13 years. Tr. 71-73, 223. She last worked in 2017 and testified that she left work due to her mental impairments, which were causing her to make mistakes, miss work, and have panic attacks while working. Tr. 56-59, 326. She has also struggled with symptoms from fibromyalgia, including wide-spread body pain and fatigue, which further exacerbate her mental health. Tr. 66-67.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*,

201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

**SEQUENTIAL EVALUATION PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an

adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

### ADMINISTRATIVE FINDINGS

On March 22, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-28.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: fibromyalgia, lumbar and cervical degenerative disc disease, major depressive disorder, and panic disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 17, 19-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of light work, with the following limitations:

> she can frequently reach in all directions and frequently push and pull with the upper extremities; she can never climb ladders, ropes, or scaffolds; she can frequently balance; she can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs; she cannot be exposed to hazards (e.g., unprotected heights, moving mechanical parts); she is limited to simple routine work with a reasoning level of 2 or less; she can have only occasional, superficial contact with the public and coworkers; she needs a routine, predictable work environment with no more than occasional changes; and she cannot perform fast-paced work.

Tr. 20.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a unit clerk. Tr. 26.

///

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of laundry worker, price marker, and mail clerk. Tr. 27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 27-28.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) improperly rejecting the opinion from Plaintiff's treating counselor Rebecca McManus; (2) improperly rejecting Plaintiff's subjective complaints; and (3) making inadequate step five findings.

## DISCUSSION

**1.    Plaintiff's subjective allegations**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 19 at 15-20.

It is the province of the ALJ to assess the claimant's allegations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.

1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 22. The ALJ found Plaintiff's allegations were not supported by the objective exam findings and test results, the course of treatment, or Plaintiff's activities, and found inconsistencies between Plaintiff's allegations and her own past reports to treatment providers. Tr. 22-24.

Plaintiff argues the ALJ took facts out of context, failed to identify any activities that clearly contradicted Plaintiff's testimony, and erred in requiring objective evidence of a disease (fibromyalgia) that eludes such measurements. ECF No. 19 at 15-20. Defendant argues the ALJ reasonably interpreted the objective findings as unsupportive of Plaintiff's complaints and legitimately considered the course and type of treatment, along with Plaintiff's activities and inconsistent symptom reports. ECF No. 21 at 3-12.

The Court finds the ALJ's rationale is not supported by substantial evidence.

**Activities**

A claimant's activities may support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, the Court finds the ALJ did not identify any activities that were inconsistent with Plaintiff's reports. The ALJ found Plaintiff's attendance of aqua therapy at the YMCA was inconsistent with her reports of extreme difficulty being in public and experiencing panic attacks when she leaves the home or thinks about leaving. Tr. 24. The Court finds no inconsistency.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 6

Plaintiff testified that she has difficulty leaving home, and has panic attacks roughly three times per week, but she has never alleged a complete inability to leave home. Tr. 60. She has consistently acknowledged being able to leave home occasionally for errands or to go to the pool two or three times per week, but also indicated she will sometimes leave if the parking lot is too crowded. Tr. 66, 215, 394, 447, 506. To the extent the ALJ indicated that this activity is physically incompatible with Plaintiff's pain reports, the record indicates that Plaintiff was encouraged to engage in gentle, low-impact exercise for treatment of her fibromyalgia (Tr. 329, 465-66, 489), and she testified that her pool activity is not vigorous and primarily involves floating with a bit of arm and leg movement. Tr. 65.

Defendant notes other activities that are arguably inconsistent with Plaintiff's reports, such as being able to cook, pay bills, remember medications, read the news, shop, and spend time with friends and family. ECF No. 21 at 5-6. However, the ALJ did not identify any of these activities as the basis for his finding; this therefore constitutes post hoc rationale that the Court will not consider. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

**Course of treatment**

The ALJ found the course of treatment (including not trying fibromyalgia medications until September 2017) and the treating doctor's impression that Plaintiff was doing very well with respect to her fibromyalgia were inconsistent with Plaintiff's allegations regarding her fibromyalgia symptoms and limitations. Tr. 24. An ALJ may consider the type and effectiveness of treatment and whether a claimant complies with treatment in assessing the reliability of their reports. Social Security Ruling 16-3p; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

///

However, the Court finds the facts identified by the ALJ do not constitute substantial evidence.

The ALJ's implication that Plaintiff's conditions were not as severe as alleged because she "had not even tried gabapentin or Lyrica until September 2017" is not substantial evidence. Plaintiff's alleged onset date was July 2017, a mere two months earlier. The conversation about trying new medications for fibromyalgia was in the context of Plaintiff's present treatment with Duloxetine not being sufficient and Plaintiff having done some research about her condition. Tr. 412. Her efforts to better treat her symptoms would seem to support, rather than detract from her allegations of pain and other symptoms.

The notation cited by the ALJ that Plaintiff's treating physician stated she had been doing very well regarding her fibromyalgia was also taken out of context. Doctor Kenny stated Plaintiff's fibromyalgia had been doing very well in the context of no longer working. Tr. 462. His assessment was: "Now that she is retired, I suspect that she will continue to improve." Tr. 465. Because the ALJ did not acknowledge the circumstances of the comment, this does not constitute substantial evidence.

To the extent the ALJ implied in his summary of the medical evidence that Plaintiff's inconsistent compliance with her medication and declination of a referral to physical therapy indicated her conditions were not as serious as alleged (Tr. 22), the Court finds these factors to constitute no more than a scintilla of evidence. It was only on one occasion that Plaintiff was noted to not be taking her Lyrica as prescribed, due to sedation. Tr. 397. Though she declined a referral to physical therapy at the end of October 2017 (Tr. 397), by mid-November she reconsidered and had started physical therapy. Tr. 402, 470.

**Inconsistent statements**

The ALJ found the record contained inconsistent statements, such as Plaintiff's testimony that she did not want to take opioids conflicting with her

request for hydrocodone, and her testimony regarding the frequency of her headaches not being reported to her treating providers. Tr. 23, 24. The Court finds no inconsistencies. The record regarding hydrocodone simply reflects Plaintiff's query to her provider in 2017 as to whether that would be something she could take as her present medications were causing drowsiness. Tr. 399. She was informed that narcotics are generally not recommended in the treatment of fibromyalgia and was encouraged to follow up with her rheumatologist to discuss other treatment options. Tr. 402. This is not inconsistent with her testimony in 2019 that she did not want to be on strong medications that affected her. Tr. 68.

Regarding headaches, the ALJ found that Plaintiff's testimony regarding headaches and migraines was not consistent with her pattern of reports to her providers, noting "nowhere in the record has she reported weekly migraines to a treating provider." Tr. 24. However, the record does contain Plaintiff's reports of daily or weekly migraines or headaches at different times. Tr. 442, 464, 470, 488. The ALJ is incorrect that the record does not contain reports consistent with her testimony. Therefore, this does not constitute a clear and convincing basis for disregarding her reports.

**Objective evidence**

The only other reason offered by the ALJ for discounting Plaintiff's subjective reports was the lack of support from the objective medical evidence. Tr. 22-24. This alone is an insufficient reason to reject her statements. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Because none of the ALJ's other reasons for questioning Plaintiff's allegations meet the clear and convincing standard, unsupportive objective evidence is not a sufficient rationale.

Furthermore, the Court takes note that fibromyalgia is not a condition that generally lends itself to extensive objective findings. *See generally*, Social Security Ruling 12-2p; *Revels v. Berryhill*, 874 F.3d 648, 656-57 (9th Cir. 2017). It is not clear that the normal or unremarkable exam findings identified by the ALJ, such as

normal gait, intact strength and sensation, or mild imaging, have any bearing on the severity of Plaintiff's fibromyalgia, and the ALJ cited to no medical source that indicated as much.

Upon remand, the ALJ shall re-evaluate Plaintiff's statements and testimony.

**2.     Counselor Rebecca McManus, LMCHA**

Plaintiff argues the ALJ improperly rejected the opinion from her treating counselor, Ms. McManus. ECF No. 19 at 11-15.[2]

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion

---

[2] Plaintiff includes examining source Patrick Metoyer in the heading of her argument and indicates that Dr. Metoyer's opinion supports Ms. McManus's opinion, but does not specifically assign any error to the ALJ's treatment of Dr. Metoyer's opinion. ECF No. 19 at 11-15.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 10

or prior administrative medical finding. 20 C.F.R. § 404.1520a(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c).

Plaintiff's treating counselor, Ms. McManus, completed a summary of her care of Plaintiff in February 2019. Tr. 512-14. In the summary, she recounted Plaintiff's reported symptoms and self-assessed functional limitations, then stated: "in my opinion, based on my observation and communication with Teresa, her self-assessment is accurate." Tr. 514.

The ALJ stated: "I do not find this statement persuasive as a medical opinion given that it merely parrots the claimant's own report and brings no apparent professional judgment to bear." Tr. 26.

Plaintiff argues this discussion was insufficient, noting the ALJ may not merely assume that a provider's opinion was based solely on self-reports and arguing that the opinion is supported by Ms. McManus's treatment records and other evidence in the file. ECF No. 19 at 12-15. Defendant argues the ALJ reasonably found the opinion was not supported by clinical findings or professional

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 11

judgments and was inconsistent with other opinion evidence in the record. ECF No. 21 at 15-19.

As this claim is being remanded for reconsideration of Plaintiff's subjective reports, the ALJ shall also reconsider the opinion evidence, discussing the factors of supportability and consistency in assessing the persuasiveness of the opinions.

**3.    Step five findings**

Plaintiff argues that the ALJ erred in his step five determination because the testimony of the vocational expert was premised on an incomplete hypothetical stemming from an inaccurate residual functional capacity determination. ECF No. 19 at 21. Considering the case is being remanded for the ALJ to properly address Plaintiff's subjective symptom testimony, the ALJ will be required to make findings on all of the steps of the sequential evaluation process, and consult a vocational expert as needed.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision with respect to Plaintiff's subjective complaints is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints and the record as a whole and complete the five-step process.

///

///

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 21**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED August 6, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE